# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO MIGUEL BAUTISTA-SANTIAGO,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; CHRISTOPHER J. LAROSE, in his official capacity as Warden of Otay Mesa Detention Center; GREGORY J. ARCHAMBEAULT, in his official capacity as San Diego Field Office Director, ICE Enforcement and Removal Operations; TODD LYONS, in his official capacity as Acting Director of ICE; PAMELA BONDI, U.S. Attorney General; IMMIGRATION AND CUSTOMS ENFORCEMENT; and DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondents. | Case No.: 25-cv-03209-DMS-DDL<br><br>**ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1). Respondents filed a return to the Petition. (Return, ECF No. 5). Petitioner did not file a reply. After reviewing the briefs, the Court finds this matter is suitable for decision without oral argument. S.D. Cal. Civ. R. 7.1(d)(1); *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (holding that an evidentiary hearing is not necessary when deciding only questions of law). For the following reasons, the Court grants the Petition.

## I.     BACKGROUND

Petitioner, a Mexican national, entered the United States in 1999. (Pet. ¶ 1). On or around October 31, 2024, Immigration and Customs Enforcement agents arrested Petitioner. (*Id.* ¶ 17). Petitioner has since been detained at Otay Mesa Detention Center. (*Id.*). He is charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) (as being present in the United States without being admitted or paroled) and in removal proceedings pursuant to 8 U.S.C. § 1229a. (Return 1).

On July 18, 2025, an immigration judge ("IJ") granted Petitioner bond in the amount of $7,500 under 8 U.S.C. § 1226(a). (Pet. ¶ 2); (Return, Ex. 2, at 1). On July 31, 2025, the Department of Homeland Security ("DHS") appealed the IJ's decision to the Board of Immigration Appeals ("BIA").[1] (Pet. ¶ 3). On September 18, 2025, the BIA granted DHS's appeal and vacated the IJ's bond order. (*Id.*). The BIA determined that Petitioner was ineligible for a bond hearing per its recent decision, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). (*Id.*). Petitioner remains detained at Otay Mesa Detention Center. (*Id.*).

The Petition asserts that Petitioner's detention violates § 1226(a) and the Fifth Amendment's Due Process Clause. (*Id.* at 7–9). Petitioner requests a writ of habeas corpus

---

[1] Petitioner alleges in another paragraph that the Respondents filed their appeal on *September* 31, 2025 (clearly in err, as there are only 30 days in September). (*See* Pet. ¶ 20). However, because it is undisputed that DHS appealed the IJ's order, the Court finds this factual discrepancy to be inconsequential to resolve the Petition.

ordering the immediate release of Petitioner under reasonable conditions of supervision; an order enjoining Respondents from transferring Petitioner out of the Southern District of California during the pendency of these proceedings and while Petitioner remains in Respondents' custody; and any other relief which this Court deems "just and proper." (*Id.*, Prayer for Relief, ¶¶ 2–3, 6).

## II.   LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails in his petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States. *Id.* § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III.   DISCUSSION

### A. Jurisdiction

Respondents argue that the Court lacks jurisdiction per 8 U.S.C. § 1252(b)(9) and (g). (Return 5–8). The Court has previously considered and rejected this argument. *See Vasquez Garcia v. Noem*, --- F.Supp.3d ----, 2025 WL 2549431, at *3–4 (S.D. Cal. Sept. 3, 2025); *Medina-Ortiz v. Noem*, No. 25-cv-02819-DMS-MMP, ECF No. 7, at 3–4 (S.D. Cal. Oct. 30, 2025). Based on the reasoning of those cases, the Court again rejects this argument.[2]

### B. Merits—Detention Statutes

Petitioner argues that his mandatory detention under § 1225(b)(2) is unlawful and that he instead falls under § 1226(a)'s discretionary detention framework (under which the IJ granted Petitioner release on a $7,500 bond). (Pet. ¶¶ 2, 31). Respondents maintain that

---

[2] Petitioner argues that prudential exhaustion would be futile in light of the BIA's decision, *Yajure Hurtado*. (*See* Pet. ¶¶ 13–15). Because Respondents do not oppose this assertion, the Court need not, and does not, address exhaustion.

3

Petitioner is properly detained under § 1225(b)(2). (Return 1). The Court agrees with Petitioner.

Section 1225(b)(2)(A) provides that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, . . . shall be detained for a proceeding under [§ 1229a]." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is an "alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." *Id.* § 1225(a)(1). Respondents do not contend that Petitioner affirmatively applied for admission. Rather, Respondents argue that an applicant for admission is automatically understood to be "seeking admission" within the meaning of § 1225(b)(2)(A). (*See* Return 12–13). However, Respondents' understanding of "seeking admission" would "seemingly render that phrase mere surplusage, such that the language could be deleted while retaining the same statutory meaning." *Castellanos Lopez v. Warden*, 25-cv-2527-RSH-SBC, 2025 WL 3005346, at *3 (S.D. Cal. Oct. 27, 2025). Thus, "seeking admission requires an affirmative act such as entering the United States or applying for status, and it does not apply to individuals who, like [Petitioner], have been residing in the United States and did not apply for admission or a change of status." *Esquivel-Ipina v. Larose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *5 (S.D. Cal. Oct. 24, 2025); *Vasquez Garcia*, 2025 WL 2549431, at *6.

Further, Respondents' interpretation would render the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), superfluous. Section 1226(c) carves out exceptions to § 1226(a), requiring certain people be detained. 8 U.S.C. § 1226(c). Specifically, § 1226(c)(1)(E) (enacted by the Laken Riley Act) requires mandatory detention for people who are inadmissible under § 1182(a)(6)(A), (6)(C), or (7) *and* charged with certain crimes not relevant here. *Id.* § 1226(c)(1)(E). As a practical matter, if § 1225(b)(2) already encompassed all inadmissible noncitizens, there would be no need to pass an amendment that required detention for those who are inadmissible under the same statutes *and* are being charged with specific crimes. *Vasquez Garcia*, 2025 WL 2549431, at *6. "A plain reading

of this exception implies that the default discretionary bond procedures in Section 1226(a) apply to a noncitizen who . . . is present without being admitted or paroled but *has not been implicated in any crimes as set forth in Section 1226(c)*." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256 (W.D. Wash. 2025).

The Court's holding maintains a "general distinction" between §§ 1225(b) and 1226(a) as explained by the Supreme Court: § 1225(b) applies to "aliens seeking admission into the country" and § 1226 applies to "aliens already in the country." *Castellanos Lopez*, 2025 WL 3005346, at *3 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018)). Thus, the Court finds that Petitioner is being unlawfully detained under § 1225(b)(2).[3]

## IV.     CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition. This Court hereby **ORDERS** Respondents to release Petitioner from custody within 48 hours of this Order's filing, pursuant to the bond order issued by the IJ on July 18, 2025.[4] The parties are **ORDERED** to file a Joint Status Report within 72 hours of this Order's filing, confirming Petitioner's release. Further, the Court **ORDERS** that Respondents are enjoined from re-detaining Petitioner during the pendency of his removal proceedings without prior leave of this Court. 28 U.S.C. § 1651.

**IT IS SO ORDERED.**

Dated:  November 26, 2025

_____
Hon. Dana M. Sabraw
United States District Judge

---

[3] In light of this determination, the Court declines to address Petitioner's arguments concerning the Amendment's Due Process Clause.

[4] Because Respondents can no longer detain Petitioner, Petitioner's request that he shall not be transferred outside of the Southern District of California is **DENIED** as moot.